JOSE CONTRERAS
1073 100th Avenue
Oakland, CA 94603
Phone: 510-990-4168
Email: joseacongar27@gmail.com

*Plaintiff In Pro Se*

FILED

MAY 01 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IFP
NP
99

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

CV 25-3791 PHK

| | |
|---|---|
| **JOSE CONTRERAS** ) | Case Number: |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR DECLARATORY,** |
| vs. ) | **INJUNCTIVE RELIEFS AND WRIT OF** |
| ) | **MANDAMUS** |
| **KIKA SCOTT** ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Jose Contreras ("Plaintiff") brings this complaint against Defendant Kika Scott ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331.

2.      Venue in the Northern District of California is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and (3).

## INTRADISTRICT ASSIGNMENT

3.      The events giving rise to the Plaintiff's causes of action occurred in the County of

Alameda, California.

### PARTIES

4.      Plaintiff is an individual, who, at all relevant times during the events alleged herein, resided in the City of Oakland, County of Alameda, California. Plaintiff is identified by Defendant as Jose Angel Contreras Garcia.

5.      Defendant is an individual, who, at all relevant times during the events alleged herein, resided in the District of Columbia. Defendant is currently the Senior Official Performing the Duties of the Director, U.S. Citizenship and Immigration Services ("USCIS"). **Scott is sued in her official capacity.**

### FACTUAL ALLEGATIONS

7.      Plaintiff has been a derivative beneficiary of U nonimmigrant since March 16, 2016.

8.      On February 25, 2020, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status to adjust status under section 245(m) of the Immigration and Naturalization Act with Defendant.

9.      On May 4, 2022, Defendant issued an unfavorable decision against Plaintiff and denied Plaintiff's I-485 application. See Exhibit 1.

10.     On July 12, 2022, Plaintiff, by and through his counsel at the time, filed a motion to reopen and reconsider (Form I-290B) the denial of Plaintiff's Form I-485.

11.     On December 10, 2024, Defendant dismissed Plaintiff's motion to reopen and reconsider per 8 CFR 103.5(a)(4). See Exhibit 2.

12.     Pursuant to Defendant's instruction in Exhibit 2, Plaintiff attempted to file another Form I-290B based on Defendant's December 10, 2024 decision ("subject motion"), as follow:

1st Attempt – USPS Priority Mail Express 9470130109355004526974

Complaint for Declaratory, Injunctive Reliefs and Writ of Mandamus

Mail Date: January 6, 2025; Receipt Date: January 8, 2025

Result – Rejected and Returned (See Exhibit 3)

2nd Attempt – USPS Priority Mail 9505510441765024516462

Mail Date: January 24, 2025; Receipt Date: January 29, 2025

Result – Rejected and Return (See Exhibit 4)

13.    On March 3, 2025, Plaintiff made his 3rd attempt to file the subject motion.

14.    On April 11, 2025, Defendant dismissed the subject motion per 8 CFR 103.5(a)(1)(i) as untimely. See Exhibit 5.

15.    Despite Plaintiff's multiple attempts, Defendant has failed to properly file and/or entertain the subject motion. The intervention of this Court is required to resolve these claims.

## CAUSE OF ACTION

### I.    DUE PROCESS

16.    Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 15 above as though fully set forth herein.

17.    Plaintiff has exercised his due diligence to ensure that the subject motion has been properly presented for Defendant's filing. Yet, Defendant has either rejected and returned the subject motion, or deemed the subject motion as untimely.

18.    Defendant's pattern of failures for the subject motion violated Plaintiff's right of due process under the 5th Amendment to the U.S. Constitution.

19.    The intervention of this Court is required to redress Defendant's failures.

### II.    ADMINISTRATIVE PROCEDURE ACT

20.    Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 15 above as though fully set forth herein.

21.    Plaintiff has exercised his due diligence to ensure that the subject motion has been properly presented for Defendant's filing. Yet, Defendant has either rejected and returned the subject motion, or deemed the subject motion as untimely.

22.    Defendant's pattern of failures for the subject motion were:

(a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; and/or,

(b) without observance of procedure required by law;

23.    The intervention of this Court is required to redress Defendant's failures.

### III.    MANDAMUS

24.    Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 15 above as though fully set forth herein.

25.    Plaintiff has exercised his due diligence to ensure that the subject motion has been properly presented for Defendant's filing. Yet, Defendant has either rejected and returned the subject motion, or deemed the subject motion as untimely.

26.    Plaintiff has exhausted all of available remedies in dealing with Defendant's pattern of failures for the subject motion.

27.    The intervention of this Court is required to compel Defendant for appropriate actions.

//
//
//
//
//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1.  A judicial declaration that:

    a.  Defendant has violated Plaintiff's due process right; and/or,

    b.  Defendant has violated Administrative Procedure Act.

2.  Preliminarily and/or permanently enjoin Defendant that:

    a.  The April 11, 2025 decision as untimely be vacated; and,

    b.  The subject motion shall be filed as timely.

3.  A writ of mandamus compelling Defendant that;

    a.  The April 11, 2025 decision as untimely be vacated; and,

    b.  The subject motion shall be filed as timely.

4.  For costs of this suit incurred herein.

5.  For other such further reliefs as this Court may deem just and proper.

DATED: April 14, 2025

Respectfully submitted,

*/s/ Jose Contreras*
JOSE CONTRERAS
*Plaintiff In Pro Per*

Complaint for Declaratory, Injunctive Reliefs and Writ of Mandamus

Exhibit 1 – USCIS's Decision: I-485 Denial – May 4, 2022 – **REDACTED**

May 4, 2022

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
38 River Road
Essex Junction, VT 05479-0001



U.S. Citizenship
and Immigration
Services



EAC2014450439

~~KLARA NG~~
~~IMG CENTER FOR WOMEN AND CHILDREN~~
~~3543 18TH STREET #32~~
~~SAN FRANCISCO, CA 94110~~

A206-067-597

RE: JOSE ANGEL CONTRERAS GARCIA
I-485, Application to Register Permanent Residence or
Adjust Status

## <u>DECISION</u>

Dear Sir/Madam:

On February 25, 2020, you filed a Form I-485, Application to Register Permanent Residence or
Adjust Status to adjust status under section 245(m) of the Immigration and Nationality Act (INA).

Section 245(m) of the INA makes adjustment of status a discretionary benefit. In order to be eligible
to adjust your status to that of a lawful permanent resident, you have the burden of showing U.S.
Citizenship and Immigration Services (USCIS) that discretion should be exercised in your favor.
Unfortunately, you have not established that a favorable exercise of discretion is warranted and
USCIS cannot reach a favorable decision on your Form I-485.

### Applicable Law

Section 245(m) of the INA states in pertinent part:

> (1) The Secretary of Homeland Security may adjust the status of an alien admitted into the
> United States (or otherwise provided nonimmigrant status) under section 101(a)(15)(U) to that
> of an alien lawfully admitted for permanent residence if…
>
> > (A) the alien has been physically present in the United States for a continuous period of
> > at least 3 years since the date of admission as a nonimmigrant [and..]
> >
> > (B) in the opinion of the Secretary of Homeland Security, the alien's continued presence
> > in the United States is justified on humanitarian grounds, to ensure family unity, or is
> > otherwise in the public interest.

Title 8 Code of Federal Regulations (CFR), section 245.24 states in pertinent part:

> …(b) *Eligibility of U Nonimmigrants.* Except as described in paragraph (c) of this section, an
> alien may be granted adjustment of status to that of an alien lawfully admitted for permanent
> residence, provided the alien:…



(6) …Establishes to the satisfaction of the Secretary that the alien's presence in the United States is justified on humanitarian grounds, to ensure family unity, or is in the public interest.

(d) *Application Procedures for U nonimmigrants.* Each U nonimmigrant who is requesting adjustment of status must submit:…

…(10) *Evidence establishing that approval is warranted.* Any other information required by the instructions to Form I-485, including whether adjustment of status is warranted as a matter of discretion on humanitarian grounds, to ensure family unity, or is otherwise in the public interest; and

(11) *Evidence relating to discretion.* An applicant has the burden of showing that discretion should be exercised in his or her favor. Although U adjustment applicants are not required to establish that they are admissible, USCIS may take into account all factors, including acts that would otherwise render the applicant inadmissible, in making its discretionary decision on the application. Where adverse factors are present, an applicant may offset these by submitting supporting documentation establishing mitigating equities that the applicant wants USCIS to consider when determining whether or not a favorable exercise of discretion is appropriate. Depending on the nature of the adverse factors, the applicant may be required to clearly demonstrate that the denial of adjustment of status would result in exceptional and extremely unusual hardship. Moreover, depending on the gravity of the adverse factors, such a showing might still be insufficient…

## Procedural History

On October 1, 2013, your relative filed on your behalf a Form I-918, Supplement A, Petition for Qualifying Family Member of a U-1 Recipient. On March 5, 2016, your petition was approved, and you were granted U-3 nonimmigrant status from that date until March 4, 2020.



- Reduced Charges: If any charge was reduced, such as from a felony to a misdemeanor, the judgment and conviction document must show which conviction goes with each original charge.

- Pending Charges: Submit a court document which states the status and next scheduled action for each pending charge.

- Unavailable Judgment and Conviction Documents: USCIS will not accept a statement by you or your representative in place of judgment and conviction documents. If such records no longer exist, please submit confirmation of their unavailability from the relevant court or other government authority having jurisdiction.

4. Evidence of completion of sentence, if any sentence imposed has been completed. If not, submit an explanation of which part(s) of the sentence has yet to be completed.
5. A statement, in your own words, describing the circumstances and your behavior that resulted in each arrest or citation.

On August 20, 2021, USCIS received your response. USCIS acknowledges receipt of the following documents:

- copy of USCIS extension flexibilities for responding to agency requests,
- a letter from your attorney,
- a statement from you,
- photographs,
- documents regarding your arrest including penal codes, criminal complaint, court docket and minutes,
- letter from Kaysi Wheeler, Year Up Program Manager and printouts regarding the program,
- letters of support from family and friends,
- copy of your resume,
- copies of your pay stubs from June and July of 2021, and
- printout about HCL Technologies.

## Analysis

Based on the documents you submitted and known criminal records, USCIS finds that you were arrested on August 17, 2018, age 18, for felony Rape by Force/Fear/Etc. In your February 19, 2020 statement you indicate you tried to get the police report from the Oakland PD, they said they would get back to you but you have not heard back from them. In your July 21, 2021, statement you indicate you were not able to get a copy of your arrest report because the report is confidential under California law since your girlfriend was under 18 and can only be obtained through a court order. You have not submitted evidence that you requested your arrest report from the arresting police department or the court and were denied the report due to California law.

The criminal complaint alleges that on or about May 9, 2018, through August 17, 2018, you did commit a misdemeanor, to wit: Unlawful Sexual Intercourse, a violation of section 261.5(b) of the penal code of California, in that you did engage in an act of unlawful sexual intercourse with Jane Doe, a minor who was less than three years older or less than three years younger than you.

Court documents indicate on August 24, 2018, a Protective Order was issued against you. You did

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account or any of the benefits, go to https://www.uscis.gov/file-online.

not submit a copy of the protective order against you, evidence describing your behavior that warranted a protection order against you or who the court order was protecting. Court documents appear to indicate this protection order was terminated on July 24, 2019.

Court documents indicate on January 25, 2019, criminal proceedings were suspended and deferred, prosecution was granted for six months because of good conduct, obey all laws, abide by current CPO and complete Year Up program, no new arrest, if successful case will be dismissed. You did not submit evidence to establish whether or not you were required to plead guilty, no contest or otherwise plea to the charge in order to participate in deferred prosecution.

On July 24, 2019, the case was dismissed pursuant to successful deferred prosecution.

In your February 19, 2020 statement you indicate in part that on August 17, 2018, you were arrested on suspicion of unlawful sexual intercourse. You indicate you had recently graduated high school, you had been dating a girl for three months who you met in high school and had been sexually active together once. You indicate around two days later you were arrested, however you believed the encounter to be consensual and legal. In your July 24, 2021 statement you indicate you were held in jail for four days then released on your own recognizance. You indicate the DA declined to charge you with rape and instead charged you with misdemeanor unlawful sexual intercourse for the consensual sexual activity you had with you girlfriend between May and August of 2018. You state, "I know I shouldn't have had sex with her since she was a little younger than me, but we had met in high school and we were young and naïve." You indicate the case was later dismissed as deferred prosecution.

The negative factors outlined above must be weighed against the positive equities in your case in order to determine whether USCIS should exercise discretion in your favor.

USCIS acknowledges that you made entries to the U.S. between 2006 and 2012 with a visitor visa and have not departed the U.S. since 2012. Your duration of residence is considered a positive factor in your case and is weighed in your favor.

USCIS acknowledges that your father and stepmother reside in the U.S. You state your mother died when you were young and you are very close to your father and stepmother. You state that you provide your father emotional, financial and physical support. Your father states his old age is near and you are the only one who can take care of him in the future. Your family unity and support of your father are considered positive factors in your case and are weighed in your favor.

USCIS acknowledges that you attended school and graduated from Madison Park Engineering and Graphic Design Academy in the U.S. You submitted several certificates for being on the honor roll at school. You also submitted certificates of completion for a pre college program through Brown University and a Ubuntu Hack's Hackathon Academy. Your attendance and academic achievements in the U.S. are considered positive factors in your case and are weighed in your favor.

USCIS acknowledges that you have maintained regular employment with LinkedIn as part of their IT department since 2019. Your maintenance of employment is considered a positive factor in your case and is weighed in your favor.

USCIS acknowledges that you state you were an intern for City Tech where you helped people in homeless shelters. You also state you volunteered on school beautification projects where you would plant trees and make the school look better. These are considered positive factors in your case and are weighed in your favor.

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████

USCIS ██████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████. These references are considered ██████████████████████
██████

███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████████████
positive ████████████████████weighed in your favor.

**Conclusion**

After careful █████████████ USCIS ████████████████████████████
█████████████████████

USCIS █████████████████████████████ charged with Felony ███████
████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████

███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
applicant ███████your status to that of a lawful permanent resident. ██ section 245(a) of the Act.
████████████████████████████████

Therefore, your Form I-485 is denied.

Except where a different standard is specified by law, a petitioner or applicant in administrative immigration proceedings must prove by a preponderance of evidence that he or she is eligible for the benefit sought. *Matter of Chawathe*, 25 I&N Dec. 369, 375 (AAO 2010).

If you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may file a motion or appeal of this decision by completing a Form I-290B, Notice of Appeal or Motion. You may also include a brief or other written statement in support of your appeal. The appeal must be filed within 33 days from the date of this notice. If an appeal or a motion is not

filed within 33 days, this decision is final.

You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

USCIS Vermont Service Center
38 River Road
Essex Junction, VT  05479-0001

To obtain the Form I-290B, visit www.uscis.gov/forms.  For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 or 103.5; call our USCIS Contact Center at 1-800-375-5283; or visit your local USCIS office.

Sincerely,

Laura B. Zuchowski
Director

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 2 – USCIS's Decision: Motion or Appeal Dismissal – December 10, 2024 -
**REDACTED**

Exhibit 2 – USCIS's Decision: Motion or Appeal Dismissal – December 10, 2024 - **REDACTED**



December 10, 2024

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
38 River Read
Essex Junction, VT 05479-0001

U.S. Citizenship
and Immigration
Services



EAC2227150387



A206-067-597

JOSE ANGEL CONTRERAS GARCIA
~~GOMEZ & DOUAT LLP~~
~~c/o ROSA GOMEZ~~
~~GOMEZ & DOUAT LLP~~
~~P O BOX 22603~~
~~OAKLAND, CA 94609~~

RE: JOSE ANGEL CONTRERAS GARCIA
I-290B, Notice of Appeal or Motion

## MOTION OR APPEAL

Dear Sir or Madam,

On July 12, 2022, you filed a motion to reopen and reconsider the denial of your Form I-485, Application to Register Permanent Residence or Adjust Status.

Title 8 Code of Federal Regulations (8 CFR), section 103.5 sets forth the requirements for motions to reopen and reconsider. Section 103.5(a) states in pertinent part:

> 2. Requirements for motion to reopen. A motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence...

> 3. Requirements for motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

> 4. Processing motions in proceedings before the Service. A motion that does not meet applicable requirements shall be dismissed. Where a motion to reopen is granted, the proceeding shall be reopened. The notice and any favorable decision may be combined.

~~Motion to Reopen~~

~~U.S. Citizenship and Immigration Services (USCIS) may reopen a prior decision if proper cause is shown. A motion to reopen must be based on factual grounds, such as the discovery of new evidence or changed circumstances and state the new facts to be provided in the reopened proceedings and be supported by affidavits or other documentary evidence. See 8 CFR 103.5(a)(2). The new evidence must possess such significance that it would likely change the result in the case." See Matter of Coelho, 20 I&N Dec. 464, 473 (BIA 1992).~~

~~On May 4, 2022, USCIS denied your Form I-485 on discretionary grounds. The denial addressed the negative equities in the case related to your August 2018 arrest during Li- nonimmigrant status for Felony Forcible Rape by Force/Fear/Etc. The denial noted the criminal complaint alleged that on or about May 9, 2018, through August 17, 2018, you did commit a misdemeanor, to wit,~~

Unlawful Sexual Intercourse, a violation of section 261.5(b) of the penal code of California in that you did engage in an act of unlawful sexual intercourse with Jane Doe, a minor who was less than three years older or less than three years younger than you. The denial noted that you agreed to Deferred Prosecution and on July 24, 2019, the charge was dismissed pursuant to successful completion of the terms of your Deferred Prosecution.

With your motion you submitted:

- a copy of the Form I-485 denial notice,

- a brief from your attorney,

- copy of "USCIS Extends Flexibility for Responding to Agency Requests",

- a declaration from you,

- copy of Oakland Police Department Crime Reports,

- copy of Mental Health Evaluation,

- copy of "Your Social Security Statement",

- letter of support from Kaitlyn Quach,

- copies of court and police records related to a crime committed against you, and

- copies of your school records and certificates.

One of the Oakland Police Department Crime Reports you submitted was reported by Officer Hazelwood and listed you as the suspect. The report notes in part that on August 17, 2018, Officer Hazelwood was dispatched to a location to investigate a report of a 261(a)(2) suspect being at the location. USCIS notes that California Penal Code 261(a)(2) is defined as, "(a) Rape is an act of sexual intercourse accomplished under any of the following circumstances", "(2) If it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another." The report notes when Officer Hazelwood arrived they met with the primary Officer Rucker, then waited for another officer, the victim and the victims family to arrive. Police entered the business and arrested the suspect/you. Officer Rucker conducted an in-field identification and the victim, positively identified the person they had arrested as the suspect. The report notes that you were transported to jail for a forensic examination and evidence was collected. You were then transported to the Police Administration Building for investigators to interview you. This document was two pages long and was marked as "Supplemental" on the top right and "P17" and "P18" on the bottom left. The other Oakland Police Department Crime Report was reported by Officer Rucker as having occurred and reported on August 17, 2018. This was marked as "Supplemental" and listed you as the suspect. Your biographical information was provided, however no other information was provided on this document.

The police reports that you submitted appear to be partial copies of the police record and do not describe your alleged conduct that led to your arrest for rape by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another. These reports do not provide new evidence that would change the result in the case.

In your declaration dated July 5, 2022, you discuss your relationship with the female complainant. You indicate in part that you started dating the complainant when you were 17, however you did not indicate how old the complainant was at the time. You indicate that the allegation that you raped or sexually assaulted your then girlfriend is completely false. You indicate that you did previously have sex with the complainant, but you did not have sex with her on the day she claimed she was

escaped. You indicate she made up a lie that you had sexually assaulted her to get out of being in trouble with her mom and the school for being late to class. You statement is noted, however you did not submit evidence to corroborate this claim. You statement does not provide new evidence that would change the result in the case.

In your Mental Health Evaluation dated June 27, 2022, the evaluator, Monica Gonzalez, MSW, LCSW, noted that the content of the evaluation came from a four hour clinical interview with you. The evaluator concluded in part, "In closing, it is this professional's opinion, who specializes in risk management, that Mr. Jose Contreras Garcia's risk of recidivism for intimate partner violence, specifically sexual violence against women, is exceedingly low. Mr. Contreras Garcia's well established protective factors far outweigh the singular and questionable arrest of August 2018." The evaluation also discussed your psychological resilience despite several adverse childhood experiences including in part the loss of your mother, a life threatening traumatic event and experiencing community violence, as well as anxiety related to being falsely accused of a sexual crime. This evaluation is noted as a positive factor your case. However, it does not overcome the negative equities discussed in the prior proceeding.

In the letter of support dated July 2, 2022, from Kaitlyn Quach, she indicates that you have been dating for over two years and she has never felt scared of you, nor have you ever raised your voice at her. She indicates in part that despite ups and downs you continue to work toward your goals. A similar statement was provided in the prior proceeding from this person and considered as part of prior letters of support. The additional positive reference from Kaitlyn Quach is noted, however it does not provide new evidence that would change the result in the case.

The court and police records relate to a robbery with firearm committed against you on or about April 6, 2018, while you were working at Jack in the Box restaurant. This evidence indicates you reported this crime to police. The perpetrator was charged with this and other offenses and subsequently convicted of Second Degree Robbery and Forcible Oral Copulation. You state this was a dangerous man who you helped bring to justice. You also indicate that this event scared you and you had to go to the hospital because you could not sleep due to thinking about the man and the gun. Your mental health evaluation also notes this event caused you to develop symptoms of Post Traumatic Stress Disorder. Your assistance to law enforcement is considered a positive factor in your case. USCIS also acknowledges the trauma you suffered as the victim of a violent crime. However, these favorable equities do not outweigh the adverse factors discussed in the prior proceeding.

Your elementary and high school records establish that you attended and participated positively in school activities. Your duration of residence, attendance and academic achievements were considered as positive factors in the prior proceeding and do not provide new evidence that would change the result in the case.

Your Social Security Statement dated July 4, 2022, indicates that you have been employed in the U.S. Your employment was considered as positive factor in the prior proceeding and does not provide new evidence that would change the result in the case.

Motion to Reconsider.

U.S. Citizenship and Immigration Services (USCIS) may reconsider a prior decision for proper cause shown. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or USCIS policy. See 8 CFR 103.5(a)(3). In the context of removal proceedings, motions to reconsider are intended only to cure errors (factual or legal) in the prior decision. *Matter of O-S-G-*, 24 I&N Dec. 56, 58 (BIA 2006). A motion to reconsider cannot be used to raise a legal argument that could have been raised earlier in the proceedings. See *Matter of Medrano*, 20 I&N Dec. 216, 220 (BIA 1990, 1991). Also, a motion to reconsider is not a process by which a party may submit

essentially the same evidence and arguments previously presented and generally allege error in the prior decision. *Matter of O-S-G-*, 24 I&N Dec. 56, 58 (BIA 2006). Instead, the party must specify the factual and legal issues decided in error or overlooked in the initial decision or must show how a change in law materially affects the prior decision. *Id.* at 60.

Your attorney argues that you were never convicted of a crime, all charges were dropped against you and you only pled not guilty to criminal charges. Your attorney argues that you were falsely accused and USCIS should defer to the criminal justice system's adjudication of these allegations. Your attorney argues that USCIS violates your constitutional rights and due process by denying your petition due solely to the nature of your arrest. However, USCIS may consider all factors in determining whether a favorable exercise of discretion is warranted in a request for adjustment of status under Section 245(m) and the applicant has the burden of showing that discretion should be exercised in his favor. USCIS acknowledged in the denial that your August 2018 arrest for Felony Forcible Rape by Force/Fear/Etc. was amended to a misdemeanor Unlawful Sexual Intercourse charge. The denial noted that you agreed to Deferred Prosecution and on July 24, 2019, and the charge was dismissed only after you completed the terms of your Deferred Prosecution. You did not submit evidence that the DA found you were falsely accused of Unlawful Sexual Intercourse. The denial also noted that you acknowledged having a sexual relationship with the minor complainant stating in part, "I know I shouldn't have had sex with her since she was a little younger than me, but we had met in high school and were both young and naive." You have also not submitted the police report describing your alleged conduct that led to your arrest for rape by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person of another.

Your attorney argues that USCIS failed to evaluate your mental health and overall functioning. Your attorney argues USCIS did not take into consideration your psychological trauma due to being a victim of a violent crime of being robbed at gunpoint as well as from the false accusations made against you. However, you did not present or discuss evidence related to an armed robbery committed against you in the prior proceeding. USCIS has acknowledged and considered this evidence in the Motion to Reopen section above.

Your attorney argues that USCIS failed to adequately consider your presence in the U.S. since you were six years old and your support of your LPR father. However, the denial noted your entries to the U.S. in 2006 and 2012 as a child and acknowledged your duration of residence as a positive factor that was weighed in your favor. USCIS also acknowledged your emotional, financial and physical support of your aging father, as well as your family unity as positive factors that were weighed in your favor.

Your attorney argues that USCIS failed to evaluate that you were the victim of a violent crime. However, as noted above, you did not present or discuss evidence related to an armed robbery committed against you in the prior proceeding. USCIS has acknowledged and considered this evidence in the Motion to Reopen section above.

Your motion does not provide new facts that would change the result in the case, nor does it give reasons for reconsideration supported by any pertinent precedent decisions. Accordingly, your motion is dismissed. *see* 8 CFR 103.5(a)(4).

If you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may file a motion or appeal of this decision by completing a Form I-290B, Notice of Appeal or Motion. You may also include a brief or other written statement. The Form I-290B must be filed within 33 days from the date of this notice. If a motion or appeal is not filed within 33 days, this decision is final.

You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:



USCIS Vermont Service Center
38 River Road
Essex Junction, VT  05479-0001

To obtain the Form I-290B, visit www.uscis.gov/forms.  For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 or 103.5; call our USCIS Contact Center at 1-800-375-5283; or visit your local USCIS office.

Sincerely,

Laura B. Zuchowski
Director
Officer: E38

Exhibit 3 – USCIS's Notice of Action – January 21, 2025

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services

Notice of Action
Page 1 of 1

| Reject Case # / Reference # | Form Type<br>I-290B [Notice of Appeal or Motion] |
|---|---|
| Alien #<br>A206067597 | Petitioner / Applicant<br>JOSE ANGEL CONTRERAS GARCIA |
| Notice Date<br>01/21/25 | Beneficiary<br>, |

JOSE ANGEL CONTRERAS GARCIA
1073 100TH AVENUE
OAKLAND, CA 94603

We are returning your submission. It has not been examined for legal sufficiency or required documentation.

The form type submitted is not within the jurisdiction of this service center. Please resubmit to the correct filing location.

For information on filing requirements and proper jurisdiction for the form you are submitting, please visit the USCIS website at www.uscis.gov, or contact the USCIS Contact Center at 1 (800) 375-5283.

To ensure proper processing, checks and/or money order must be payable to:
'Department of Homeland Security' or 'U.S. Citizenship and Immigration Services.'
Please enclose a copy of this notice when responding or when filing another application based on this decision.
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
Vermont Service Center
38 River Road
Essex Junction, VT 05479

(01/17/25)Y - 01340345                    SAVE THIS NOTICE FOR YOUR RECORDS - EACRLB01-319

Exhibit 4 – USCIS's Notice of Action – February 7, 2025

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services

Notice of Action
Page 1 of 1

| Reject Case # / Reference # | Form Type<br>I-290B [Notice of Appeal or Motion] |
|---|---|
| Alien #<br>A206067597 | Petitioner / Applicant<br>JOSE ANGEL CONTRERAS GARCIA |
| Notice Date<br>02/07/25 | Beneficiary<br>, |

JOSE ANGEL CONTRERAS GARCIA
1073 100TH AVENUE
OAKLAND, CA 94603

We are returning your submission. It has not been examined for legal sufficiency or required documentation.

The form type submitted is not within the jurisdiction of this service center. Please resubmit to the correct filing location.

For information on filing requirements and proper jurisdiction for the form you are submitting, please visit the USCIS website at www.uscis.gov, or contact the USCIS Contact Center at 1 (800) 375-5283.

To ensure proper processing, checks and/or money order must be payable to:
'Department of Homeland Security' or 'U.S. Citizenship and Immigration Services.'
Please enclose a copy of this notice when responding or when filing another application based on this decision.
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
Vermont Service Center
38 River Road
Essex Junction, VT 05479

(02/06/25)Y - 01345768                    SAVE THIS NOTICE FOR YOUR RECORDS    FACHIOL 1001

Exhibit 5 – USCIS's Decision: Motion or Appeal Dismissal (Untimely) – April; 11, 2025

April 11, 2025



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
38 River Road
Essex Junction, VT 05479-0001



**U.S. Citizenship
and Immigration
Services**

JOSE ANGEL CONTRERAS GARCIA
1073 100TH AVENUE
OAKLAND, CA 94603



EAC2515350062



RE: JOSE ANGEL CONTRERAS GARCIA
I-290B, Notice of Appeal or Motion

A206-067-597

## MOTION OR APPEAL

Dear Sir or Madam,

On March 3, 2025, you filed a Form I-290B, Notice of Appeal or Motion, as a motion to reopen and reconsider the decision of your Form I-485, Application to Register Permanent Residence or Adjust Status. Your Form I-485 was denied by U.S. Citizenship and Immigration Services (USCIS) on May 4, 2022.

Title 8, Code of Federal Regulations (8 CFR), section 103.5(a)(1)(i) states in pertinent part:

> …Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

8 CFR 103.8 provides:

> (b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

Further, 8 CFR 1.2 states in pertinent part:

> …Day, when computing the period of time for taking any action provided in this chapter I including the taking of an appeal, shall include Saturdays, Sundays, and legal holidays, except that when the last day of the period computed falls on a Saturday, Sunday, or a legal holiday, the period shall run until the end of the next day which is not a Saturday, Sunday, or a legal holiday…

...A motion that does not meet applicable requirements shall be dismissed...

On March 30, 2020, in response to the coronavirus (COVID-19) pandemic, USCIS announced flexibility of filing date requirements for Form I-290B. Due to this flexibility in filing requirements, USCIS will consider Form I-290B received up to 60 calendar days from the date of the decision if the date listed on the notice is between March 1, 2020, and October 31, 2021. Additionally, USCIS will consider Form I-290B received up to 90 calendar days from the date of the decision if the date listed on the decision notice is between November 1, 2021, and March 23, 2023.

Based on the date listed on the decision notice, your motion to reopen or reconsider was not submitted within 93 prescribed for the filing of a motion by the flexibilities announced by USCIS, and 8 CFR 103.8. Additionally, you have not demonstrated that you merit a favorable exercise of discretion for which USCIS may excuse the untimely filing of the motion.

The motion is dismissed under 8 CFR 103.5(a)(4) because it does not meet the filing requirements of a motion as defined by 8 CFR 103.5(a)(1)(i).

If you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may file a motion or appeal of this decision by completing a Form I-290B, Notice of Appeal or Motion. You may also include a brief or other written statement. The Form I-290B must be filed within 33 days from the date of this notice. If a motion or appeal is not filed within 33 days, this decision is final.

You must send your completed Form I-290B and supporting documentation with the appropriate filing fee to:

**USCIS Nebraska Service Center**

**U.S. Postal Service (USPS):**
USCIS
P.O. Box 87426
Lincoln, NE 68501-7526

**FedEx, UPS, and DHL deliveries:**
USCIS
Attn: I-290B VAWA
850 S St.
Lincoln, NE 68508-1225

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 or 103.5; call our USCIS Contact Center atl-800-375-5283; or visit your local USCIS office.

Sincerely,

John M. Allen
SCOPS Deputy Associate Director of Adjudications
Officer: F38




Retail

U.S. POSTAGE PAID
PM
OAKLAND, CA 94603
APR 29, 2025

94612

$9.35

RDC 03    0 LB 6.40 OZ    R2305H128603-13

Clerk's office
U.S. D.C. N.D. Cal.
Ronald V. Dellums Federal Building
and U.S. Courthouse
1301 Clay Street, Suite 400s
Oakland, CA 94612-5212



EXPECTED DELIVERY DAY:

USPS TRACKING® #

9505 5128 9642 5119 5166 22




PRIORITY MAIL®
UNITED STATES POSTAL SERVICE

Visit us at usps.com

Label 107R, January 2008

